**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NADIR ALI, | No. 09-72600 |
| Petitioner, | Agency No. A070-779-851 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Nadir Ali, a native and citizen of Pakistan, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion by denying Ali's motion to reopen as untimely, *see* 8 C.F.R. § 1003.2(c)(2), where Ali failed to demonstrate that there had been a material change in circumstances in Pakistan with respect to violence between Shi'ite and Sunni Muslims to qualify for the regulatory exception to the time limit, *see Najmabadi v. Holder*, 597 F.3d 983, 987-91 (9th Cir. 2010).

We reject Ali's contention that the BIA erroneously considered the government's untimely opposition to Ali's motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

We decline to consider Ali's documentation and contention that the BIA's decision was arbitrary, irrational, and capricious because a month before denying Ali's motion it granted another applicant's motion to reopen on the basis of changed circumstances in Pakistan. *Cf. Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc) (declining to take judicial notice where it would require the court to speculate about issues to determine whether a policy burdened women).

Finally, Ali's contention that the BIA failed to address his argument that he did not receive adequate notice of the filing requirements for seeking an adjustment of status is belied by the record.

**PETITION FOR REVIEW DENIED.**